TRITIA M. MURATA (CA SBN 234344)
tmurata@mofo.com
NEIL SCOTT TYLER (CA SBN 301719)
ntyler@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: 213.892.5200
Facsimile:  213.892.5454

Attorneys for Defendants SWIFT BEEF COMPANY; JBS USA, LLC; JBS USA HOLDINGS, INC.; JBS USA; JBS USA INC.; SWIFT & COMPANY INC.; PILGRIM'S PRIDE CORPORATION; JBS USA FOOD COMPANY; and JBS USA FOOD COMPANY HOLDINGS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA VALDIVIA DE CABRERA, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SWIFT BEEF COMPANY, a Delaware corporation; JBS USA, LLC, an unknown limited liability company; JBS USA HOLDINGS, INC., an unknown corporation; JBS USA, an unknown entity; JBS USA INC., an unknown corporation; SWIFT & COMPANY INC., an unknown corporation; PILGRIM'S PRIDE CORPORATION an unknown corporation; JBS USA FOOD COMPANY, an unknown entity; JBS USA FOOD COMPANY HOLDINGS, an unknown entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF STATE COURT CLASS ACTION UNDER 28 U.S.C. §1453 [CAFA JURISDICTION]**<br><br>Removed from the Superior Court of California, County of Riverside<br><br>Case No. RIC1823002 |

670497.1

SWIFT BEEF COMPANY'S NOTICE OF REMOVAL

la-1403937

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant SWIFT BEEF COMPANY hereby removes the above-captioned state court action currently pending in the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California. Removal of the action is proper for the reasons listed below:

1. On or about November 2, 2018, Plaintiff SILVIA VALDIVIA DE CABRERA ("Plaintiff") filed a Class Action Complaint ("Complaint" or "Cmplt."), purportedly on behalf of herself and all others similarly situated, against Defendants SWIFT BEEF COMPANY; JBS USA, LLC; JBS USA HOLDINGS, INC.; JBS USA; JBS USA INC.; SWIFT & COMPANY INC.; PILGRIM'S PRIDE CORPORATION; JBS USA FOOD COMPANY; and JBS USA FOOD COMPANY HOLDINGS ("Defendants") in the Superior Court of the State of California, County of Riverside, captioned *Silvia Valdivia De Cabrera v. Swift Beef Company, et al.*, Case No. RIC1823002 (the "State Court Action"). On November 5, 2018, Plaintiff served Defendants with the Complaint. True and correct copies of all process, pleadings, and orders that have been served on Defendants in this action are attached hereto collectively as **Exhibit A**.

2. Plaintiff alleges that she was employed by Defendants. (Cmplt. ¶ 3.) Plaintiff asserts seven causes of action on behalf of herself and all others similarly situated against Defendants: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wage; (5) failure to maintain required records; (6) failure to provide accurate wage statement; and (7) violation of Business & Professions Code § 17200. (*Id.* ¶¶ 13-41.) Plaintiff seeks compensatory damages, restitution and disgorged profits, meal and rest period compensation, liquidated damages, waiting time penalties, statutory

and civil penalties, interest, and attorneys' fees and costs. (*Id.*, pp. 11-12.) Plaintiff also seeks preliminary and permanent injunctive relief and declaratory relief.  (*Id.*)

3. Defendants operate meat processing facilities worldwide, including the production of beef, pork, and poultry products. (Declaration of Maxamed Xasan ("Xasan Decl.") ¶ 2.) Relevant to this matter is Swift Beef Company's facility in Riverside, California.  (*Id.*)

4. SWIFT BEEF COMPANY, JBS USA, LLC, JBS USA HOLDINGS, INC., JBS USA, JBS USA INC., SWIFT & COMPANY INC., PILGRIM'S PRIDE CORPORATION, JBS USA FOOD COMPANY, and JBS USA FOOD COMPANY HOLDINGS are the only defendants that have been properly joined and served.  Under the Class Action Fairness Act ("CAFA"), no other defendant must join in this removal filed by Swift Beef Company.  *See* 28 U.S.C. § 1453(b).

5. This Notice is effected properly and timely pursuant to 28 U.S.C. § 1446(b) because it is has been filed within 30 days after Defendants were properly served with a copy of the Summons and Complaint.

6. Swift Beef Company will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court of the State of California, County of Riverside, pursuant to 28 U.S.C. § 1446(d).

7. This action is properly removable to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332(d), as amended by CAFA.  Pursuant to 28 U.S.C. §§ 1332 and 1453, a putative class action commenced after February 18, 2005 may be removed to the appropriate federal district court if:  (i) any member of the putative class is a citizen of a state different from any defendant (*i.e.*, minimal diversity); (ii) there are at least 100 members in the putative class; and (iii) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests or costs.  28 U.S.C. §§ 1332(d)(2), (5)(B), 1453; *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 552 (2014).

8. "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart*, 135 S. Ct. at 553; 28 U.S.C. § 1446(a).

9. Unlike with traditional diversity jurisdiction in non-class actions, there is no presumption against jurisdiction in matters being removed under CAFA. *Dart*, 135 S. Ct. at 554 ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.") (citation omitted); *see also* S. Rep. No. 109-14, p. 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

10. This action is a "class action" within the meaning of CAFA because Plaintiff seeks certification of a proposed class under California state law of "all current and former non-exempt employees of Defendants in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment." (Cmplt. ¶ 5; *see also id.* ¶ 12.)

11. Pursuant to 28 U.S.C. §§ 1332(d) and 1453, this Court has original jurisdiction over this matter because there is at least one member of the putative class that is a citizen of a state different from one defendant; (ii) there are over 100 members in the putative class; and (iii) the potential amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests or costs.

## MINIMAL DIVERSITY OF CITIZENSHIP

12. The requisite minimal diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A) and (d)(7). To establish diversity jurisdiction under CAFA, it is sufficient that any one member of the putative class is a citizen of a state different from any one defendant. 28 U.S.C. § 1332(d)(2)(A). Thus, even without reference

to the citizenship of absent putative class members, this action satisfies the minimal diversity requirement of CAFA. 28 U.S.C. § 1332(d)(2)(A).

13. Plaintiff is a citizen of California within the meaning of 28 U.S.C. § 1332(d)(2) because she is a resident of California. (Cmplt. ¶ 3.)

14. A corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

15. Defendant Swift Beef Company is now, and was at the time the action was commenced, incorporated in the State of Delaware. (Xasan Decl. ¶ 3.) Swift Beef Company's principal place of business is located now, and was at the time this action was commenced, in the State of Colorado. (*Id.*) Specifically, Swift Beef Company's headquarters are located in Greeley, Colorado. (*Id.*) Accordingly, Swift Beef Company is a citizen of the states of Delaware and Colorado.

16. Therefore, because Plaintiff is a citizen of California, Defendant Swift Beef Company is a citizen of Delaware and Colorado, and thus at least one member of the putative class (Plaintiff) is a citizen of a state different from at least one named Defendant (Swift Beef Company), this putative class action satisfies the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A).[1]

**THE PUTATIVE CLASS INCLUDES MORE THAN 1,100 POTENTIAL MEMBERS**

17. There are more than 100 members of the putative class as required by 28 U.S.C. § 1332(d)(5)(B). Due to the broad class definition, which includes "all current and former non-exempt employees of Defendants" within the past four years

---

[1] Although not required under CAFA, none of the named Defendants are now, or were at the time the action was commenced, citizens of California. Accordingly, this action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d).

and continuing through the disposition of this case, there is no doubt there are more than 100 putative class members. Swift Beef Company estimates that there are more than 1,100 putative class members in the putative class. (Xasan Decl. ¶ 4.)

**THE POTENTIAL AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

18. Without making an admission of liability or damages with respect to any aspect of this case, and without taking a position as to the proper legal test(s) applicable to Plaintiff's allegations, Swift Beef Company represents that it has a good faith belief that the amount placed in controversy by Plaintiff's claims exceeds the jurisdictional minimum pursuant to 28 U.S.C. § 1332(d)(6).

19. The amount in controversy in a putative class action is determined by aggregating the claims of all members of the putative class. 28 U.S.C. 1332(d)(6). "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.

20. Plaintiff seeks damages for alleged wage and hour violations, including compensatory damages, restitution and disgorged profits, meal and rest period compensation, liquidated damages, waiting time penalties, statutory and civil penalties, interest, and attorneys' fees and costs. (Cmplt. ¶¶ 16, 20, 25, 29, 32, 35, and 41; *id.*, pp. 11-12 [Prayer for Relief].)

21. Plaintiff does not allege any specific amount of damages. (*See generally* Cmplt.) For the sole purpose of this Notice, Swift Beef Company estimated the amount in controversy, as alleged in the Complaint, by making reasonable assumptions accepted by Courts in this District and the Ninth Circuit. *See Hull v. Mars Petcare US, Inc.*, No. ED CV-18-1021 PSG (KKx), 2018 WL 3583051, at *5 (C.D. Cal. July 25, 2018); *Alvarez v. Office Depot, Inc.*, No. CV 17-7220 PSG (AFMx), 2017 WL 5952181 (C.D. Cal. Nov. 30, 2017).

22. Swift Beef Company calculated the average number of days each putative class member spent in the class period, beginning November 2, 2014 and

ending on December 5, 2018.[2] During this period, putative class members spent an average of 643 days in the class, amounting to roughly 93 weeks per putative class member. (Xasan Decl. ¶ 5.) Based on Swift Beef Company's estimate of 1,100 putative class members, there are approximately 100,801 total work weeks in the class period to date. (Xasan Decl. ¶ 6.)

23. Plaintiff alleges both overtime and minimum wage claims in her Complaint. (Cmplt. ¶¶ 21-29.) In *Hull*, the court found "it reasonable to adopt an assumption that each employee could have worked at least one full-time shift a week capable of accruing overtime." *Hull*, 2018 WL 3583051, at *4. Assuming, for purposes of this Notice only, that each putative class member accrued one hour of unpaid overtime each week at an average hourly rate of $15.00,[3] Swift Beef Company calculates that the amount in controversy with respect to the overtime and minimum wage claims is $756,004 and $1,512,009, respectively.

24. Plaintiff also alleges meal and rest break claims in her Complaint. (Cmplt. ¶¶ 13-20.) California law provides that if an employer fails to provide an employee an uninterrupted meal or rest period in which the employee is relieved of all duty, the employee may recover an additional <u>one hour of pay</u> at the employee's regular rate of compensation for each work day that the meal or rest period is not provided. Cal. Lab. Code § 226.7(c) (emphasis added).

25. Assuming, for the purposes of this Notice only, that each putative class member missed <u>one</u> meal break and <u>one</u> rest break[4] per week and were not paid the

---

[2] Swift Beef Company used December 5, 2018 as a conservative estimate of the end date of the class period. Defendants are aware that the class period will continue until the disposition of this case.

[3] The putative class members' hourly wages vary from $11.40 per hour to over $30.00 per hour. (Xasan Decl. ¶ 7.) Swift Beef Company conservatively estimates that the average hourly rate for all class members equates to $15.00 per hour.

[4] In fact, California district courts generally find a presumption of <u>three</u> unpaid meal penalties and <u>three</u> unpaid rest break penalties reasonable. *See Hull*, 2018 WL 3583051 at 4-5; *Feao v. UFP Riverside, LLC*, No. CV 17-3080 PSG (JPRx), 2017 WL 2836207, at *3-4 (C.D. Cal. June 29, 2017) (presumption of three unpaid meal penalties and three unpaid rest break penalties reasonable); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151-1152 (S.D. Cal. 2018) (finding assumed violation rates

1 corresponding penalty amounts, the amount in controversy with respect to the meal and rest break claims is at least $3,024,019.

26. In addition to Plaintiff's claimed damages, Plaintiff also seeks to recover attorneys' fees. (Cmplt., pp. 11-12 [Prayer for Relief ¶ 9].) The Ninth Circuit has held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Ninth Circuit allows a removing defendant to add to the amount in controversy a reasonable estimate of plaintiff's attorneys' fees likely to be incurred through the resolution of the case. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) (the court held "that the amount in controversy is not limited to damages incurred prior to [notice of] removal," but that it "encompasses all relief a court may grant on [the] complaint if the plaintiff is victorious."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("[A] reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

27. California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney['s] fees, and costs of suit." Cal. Lab. Code § 1194(a). Thus, at least one statute upon which Plaintiff relies authorizes an award of attorneys' fees.

28. Assuming an attorneys' fee award of 25% of the amounts in controversy for unpaid overtime wages and minimum wages, Swift Beef Company

---

of three meal period penalties and three rest period penalties reasonable); *Stanley v. Distribution Alternatives, Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2-3 (C.D. Cal. Dec. 7, 2017) (assumed violation rates of three missed rest breaks and three missed meal breaks per week reasonable).

estimates the amount in controversy for attorneys' fees exceeds $567,003.66. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorneys' fees."); *In re Activision Secs. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (awarding 30% attorneys' fee award and compiling cases where attorneys' fee awards ranged between 25% and more than 40%).

29. Based just on conservative estimates accepted by California courts of the amounts in controversy for four of Plaintiff's seven claims and Plaintiff's potential attorneys' fee award for her overtime and minimum wage claims, Swift Beef Company estimates that Plaintiff has put more than $5,859,037 in controversy. While Defendants dispute that they are liable to Plaintiff or to the putative class (or that Plaintiff or the putative class suffered injury or incurred damages in any amount whatsoever) and make no admission as to whether class action treatment is appropriate or warranted in this case, for purposes of satisfying the jurisdictional prerequisites of CAFA, the amount in controversy well exceeds the $5,000,000 jurisdictional minimum under CAFA, even without taking into account all of the other damages and relief Plaintiff seeks in her Complaint.

30. For the reasons stated above, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, so this action is removable pursuant to 28 U.S.C. § 1453.

31. By filing this Notice of Removal, Defendants do not waive and expressly reserve all rights, objections, and defenses in this case.

| | | |
|---|---|---|
| Dated: December 5, 2018 | | MORRISON & FOERSTER LLP |

By:    /s/ Tritia M. Murata
      Tritia M. Murata

Attorneys for Defendants SWIFT BEEF COMPANY; JBS USA, LLC; JBS USA HOLDINGS, INC.; JBS USA; JBS USA INC.; SWIFT & COMPANY INC.; PILGRIM'S PRIDE CORPORATION; JBS USA FOOD COMPANY; and JBS USA FOOD COMPANY HOLDINGS