# EXHIBIT "A"

JSB

1  Andranik Tsarukyan (SBN 258241)
   Armen Zenjiryan (SBN 261073)
2  REMEDY LAW GROUP LLP
   610 E. Providencia Ave., Unit B
3  Burbank, CA 91501
   Tel: (818) 422-5941
4  andy@remedylawgroup.com
   armen@remedylawgroup.com
5
   Attorneys for Plaintiff, SILVIA VALDIVIA DE CABRERA,
6  on behalf of herself and all others similarly situated

7

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV - 2 2018

J. Marcial

NOV 08 2018

R

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF RIVERSIDE

10

11 SILVIA VALDIVIA DE CABRERA, an          )  Case No.:  RIC 1823002
   individual, on behalf of herself and all others )
12 similarly situated,                      )  CLASS ACTION COMPLAINT FOR
                                            )  DAMAGES AND RESTITUTION
13             Plaintiff,                   )
         v.                                 )  1.  FAILURE TO PROVIDE MEAL
14                                          )      PERIODS
   SWIFT BEEF COMPANY, a Delaware           )
15 corporation; JBS USA, LLC, an unknown limited ) 2. FAILURE TO PROVIDE REST
   liability company; JBS USA HOLDINGS, INC., )    PERIODS
16 an unknown corporation; JBS USA, an unknown )
   entity; JBS USA INC., an unknown corporation; ) 3. FAILURE TO PAY OVERTIME
17 SWIFT & COMPANY INC., an unknown         )      WAGES
   corporation; PILGRIM'S PRIDE             )
18 CORPORATION, an unknown corporation; JBS ) 4.   FAILURE TO PAY MINIMUM WAGE
   USA FOOD COMPANY, an unknown entity; JBS )
19 USA FOOD COMPANY HOLDINGS, an            )  5.  FAILURE TO MAINTAIN REQUIRED
   unknown entity; and DOES 1 through 100,  )      RECORDS
20 inclusive,                               )
                                            )  6.  FAILURE TO PROVIDE ACCURATE
21             Defendants.                  )      WAGE STATEMENTS
                                            )
22                                          )  7.  VIOLATION OF BUSINESS AND
                                            )      PROFESSIONS CODE § 17200, *et seq.*
23                                          )
                                            )  [DEMAND FOR TRIAL BY JURY]
24                                          )
                                            )
25                                          )
                                            )     BY FAX
26
27
28

1
**CLASS ACTION COMPLAINT FOR DAMAGES**

10

PLAINTIFF SILVIA VALDIVIA DE CABRERA ("Plaintiff"), an individual, demanding a jury trial, on behalf of herself and all others similarly situated, hereby alleges as follows:

## JURISDICTION AND VENUE

1. The Superior Court of the State of California has jurisdiction in this matter because Plaintiff is a resident of the State of California, and defendants SWIFT BEEF COMPANY, JBS USA, LLC, JBS USA HOLDINGS, INC., JBS USA, JBS USA INC., SWIFT & COMPANY INC., PILGRIM'S PRIDE CORPORATION, JBS USA FOOD COMPANY, JBS USA FOOD COMPANY HOLDINGS, and DOES 1 through 100 inclusive (collectively "Defendants"), are qualified to do business in California and regularly conduct business in California.

2. Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395, because Defendants operate and do business in the County of Riverside, and Defendants are within the jurisdiction of this Court for service of process purposes. Defendants maintain offices and facilities and transact business in the County of Riverside, and Defendants' illegal payroll policies and practices, which are the subject of this action, were applied, at least in part, to Plaintiff, and other persons similarly situated, in the County of Riverside. Further, no federal question is at issue because the claims are based solely on California law.

## PLAINTIFF

3. Plaintiff is a female resident of the State of California, and former employee of Defendants.

4. Plaintiff, on behalf of herself and other similarly situated current and former non-exempt employees of Defendants in the State of California at any time during the four (4) years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, improper rounding and auto-deducting, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to maintain required records, failure to provide accurate itemized wage statements, and interest, attorneys' fees, costs, and expenses.

5. Plaintiff brings this action on behalf of herself and the following similarly situated class of individuals ("Class Members"): all current and former non-exempt employees of Defendants in the

2
CLASS ACTION COMPLAINT FOR DAMAGES

State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "Class Period"). Plaintiff reserves the right to name additional class representatives.

## DEFENDANTS

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Swift Beef Company at all times relevant hereto was a Delaware corporation. Plaintiff is informed and believes, and thereon alleges, that Defendant JBS USA, LLC at all times relevant hereto was an unknown limited liability company. Plaintiff is informed and believes, and thereon alleges, that Defendant JBS USA Holdings, Inc. at all times relevant hereto was an unknown corporation. Plaintiff is informed and believes, and thereon alleges, that Defendant JBS USA at all times relevant hereto was an unknown corporation. Plaintiff is informed and believes, and thereon alleges, that Defendant JBS USA Inc. at all times relevant hereto was an unknown corporation. Plaintiff is informed and believes, and thereon alleges, that Defendant Swift & Company Inc. at all times relevant hereto was an unknown corporation. Plaintiff is informed and believes, and thereon alleges, that Defendant Pilgrim's Pride Corporation at all times relevant hereto was an unknown corporation. Plaintiff is informed and believes, and thereon alleges, that Defendant JBS USA Food Company at all times relevant hereto was an unknown corporation. Plaintiff is informed and believes, and thereon alleges, that Defendant JBS USA Food Company Holdings at all times relevant hereto was an unknown corporation. Plaintiff is further informed and believes, and thereon alleges, that Defendants are authorized to conduct business in the State of California and do conduct business in the State of California. Specifically, upon information and belief, Defendants maintain offices and facilities and conduct business in the County of Riverside, State of California.

7. The true names and capacities of DOES 1 through 100, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues such DOE Defendants under fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that Plaintiff and Class Members' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE

Defendants. Plaintiff will seek leave of the court to amend this complaint to allege the true names and capacities of such DOE Defendants when ascertained.

8.   At all relevant times herein, Defendants were the joint employers of Plaintiff and Class Members. Plaintiff is informed and believes, and thereon alleges, that at all times material to this complaint Defendants were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each defendant was completely dominated by his, her or its co-defendant, and each was the alter ego of the other.

9.   At all relevant times herein, Plaintiff and Class Members were employed by Defendants under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying Plaintiff and Class Members all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; improper rounding; improper auto-deducting; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable IWC Wage Order.

10.   Plaintiff is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of, each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

11.   As a direct and proximate result of the unlawful actions of Defendants, Plaintiff, and Class Members have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

12.   This action is appropriately suited for a Class Action because:

A.   The potential class is a significant number. Joinder of all current and former

4
**CLASS ACTION COMPLAINT FOR DAMAGES**

employees individually would be impracticable.

B. This action involves common questions of law and fact to the potential class because the action focuses on the Defendants' systematic course of illegal payroll practices and policies, which were applied to all non-exempt employees in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

C. Plaintiff's claims are typical of the class because Defendants subjected all non-exempt employees to identical violations of California Labor Code, the applicable IWC wage order, and the California business and Professions Code.

D. Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein to obtain full compensation due to the class for all services rendered and hours worked.

## CLASS ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

**(By Plaintiff and the Class Against All Defendants)**

13. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

14. During the Class Period, as part of Defendants' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Defendants required, permitted or otherwise suffered Plaintiff and Class Members to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to Plaintiff and Class Members pursuant to California Labor Code §§ 226.7 and 512, as well as applicable IWC Orders.

15. Defendants further violated California Labor Code § 226.7 and applicable IWC Wage Order by failing to compensate Plaintiff and Class Members who were not provided with a meal period, in accordance with the applicable IWC Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided. Defendants

further violated California Labor Code §§ 226.7, 510, 1194, 1197, and applicable IWC Wage Orders by failing to compensate Plaintiff and Class Members for all hours worked during their meal periods.

16. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

**(By Plaintiff and the Class Against All Defendants)**

17. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

18. At all times relevant herein, as part of Defendants' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Defendants failed to provide rest periods to Plaintiff and Class Members as required under California Labor Code §§ 226.7 and 512, and applicable IWC Wage Orders.

19. Defendants further violated California Labor Code § 226.7 and applicable IWC Wage Orders by failing to pay Plaintiff and Class Members who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

20. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

**(By Plaintiff and the Class Against All Defendants)**

21. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

22. Pursuant to California Labor Code §§ 510, 1194, and applicable IWC Wage Orders, Defendants are required to compensate Plaintiff and Class Members for all overtime, which is calculated

at one and one-half (1½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

23. Plaintiff and Class Members are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and applicable IWC Wage Orders. During the Class Period, Defendants failed to compensate Plaintiff and Class Members for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Orders by, among other things: failing to pay overtime at one and one half (1½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and applicable IWC Wage Orders; requiring, permitting or suffering Plaintiff and Class Members to work off the clock; requiring, permitting or suffering Plaintiff and Class Members to work through meal and rest breaks; illegally and inaccurately recording time in which Plaintiff and Class Members worked; failing to properly maintain Plaintiff's and Class Members' records; failing to provide accurate itemized wage statements to Plaintiff for each pay period; and other methods to be discovered.

24. In violation of California law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and Class Members for all wages earned and all hours worked. As a proximate result, Plaintiff and Class Members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wage, lost interest on such wage, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damages in amounts according to proof at the time of trial, and within the jurisdiction of the Court.

25. Defendants' conduct described herein violates California Labor Code §§ 510, 1194, 1998 and applicable IWC Wage Orders. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, Plaintiff and Class Members are entitled to recover the unpaid balance of wages owed to them by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**(By Plaintiff and the Class Against All Defendants)**

26. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

27. Pursuant to California Labor Code §§ 1194, 1197, and applicable IWC Wage Orders, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

28. During the Class Period, Defendants failed to pay Plaintiff and Class Members minimum wages for all hours worked by, among other things: requiring, permitting or suffering Plaintiff and Class Members to work off the clock; requiring, permitting or suffering Plaintiff and Class Members to work through meal and rest breaks; illegally and inaccurately recording time in which Plaintiff and Class Members worked; failing to properly maintain Plaintiff's and Class Members' records; failing to provide accurate itemized wage statements to Plaintiff for each pay period; and other methods to be discovered.

29. Defendants' conduct described herein violates California Labor Code §§ 1194, 1197, and applicable IWC Wage Orders. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, Plaintiff and Class Members are entitled to recover the unpaid balance of wages owed to them by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO MAINTAIN REQUIRED RECORDS

**(By Plaintiff and the Class Against All Defendants)**

30. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

31. During the Class Period, as part of Defendants' illegal payroll policies and practices to deprive Plaintiff and Class Members of all wages earned and due, Defendants knowingly and

8

CLASS ACTION COMPLAINT FOR DAMAGES

1 intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and applicable IWC Wage Orders, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and each work period; the legal name of the employing entity, and accurate itemized statements.

32. As a proximate result of Defendants unlawful actions and omissions, Plaintiff and Class Members have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, Plaintiff and Class Members are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

### SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

(By Plaintiff and the Class Against All Defendants)

33. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

34. During the Class Period, Defendants routinely failed to provide Plaintiff and Class Members with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing Plaintiff and Class Members and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and applicable IWC Wage Orders. During the Class Period, Defendants knowingly and intentionally failed to provide Plaintiff and Class Members with timely, accurate, and itemized wage statements in accordance with California Labor Code§ 226(a).

35. As a proximate result of Defendants' unlawful actions and omissions, Plaintiff and Class Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, Plaintiff and Class Members are entitled to all available

statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California, Labor Code § 226(e), as well as other available remedies.

### SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

**(By Plaintiff and the Class Against All Defendants)**

36. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37. Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to Defendants' failure and refusal to provide required meal periods, Defendants' failure and refusal to provide required rest periods, Defendants' failure and refusal to pay overtime compensation, Defendants' failure and refusal to pay minimum wages, Defendants' failure and refusal to pay all wages due to discharged or quitting employees, Defendants' failure and refusal to furnish accurate itemized wage statements; Defendants' failure and refusal to maintain required records, Defendants' failure and refusal to indemnify Plaintiff and Class Members for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 *et seq.*

38. Defendants' violations of California wage and hour laws constitute a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and Class Members.

39. Defendants have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

40. As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the Class Period at the expense of Plaintiff, Class Members, and

members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and Class Members.

41. Defendants' unfair and unlawful business practices entitle Plaintiff and Class Members to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff and Class Members the wages and other compensation unlawfully withheld from them. Plaintiff and Class Members are entitled to restitution of all monies to be disgorged from Defendants in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully prays for relief against Defendants and DOES 1 through 100, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;
2. For restitution of all monies due to Plaintiff and Class Members, as well as disgorged profits from the unfair and unlawful business practices of Defendants;
3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and applicable IWC Wage Orders;
4. For liquidated damages pursuant to California Labor Code § 1194.2;
5. For preliminary and permanent injunctive relief enjoining Defendants from violating the relevant provisions of the California Labor Code and the IWC Wager Orders, and from engaging in the unlawful business practices complained of herein;
6. For waiting time penalties pursuant to California Labor Code § 203;
7. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and 2699;
8. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;
9. For reasonable attorneys' fees and costs pursuant to California Labor Code §§

11
**CLASS ACTION COMPLAINT FOR DAMAGES**

1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

10. For declaratory relief;

11. For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action as a class action;

12. For an order appointing Plaintiff as class representative, and Plaintiff's counsel as class counsel; and

13. For such further relief that the Court may deem just and proper.

DATED: November 2, 2018         REMEDY LAW GROUP LLP


By: *Andy Tsarukyan*
Andranik Tsarukyan
Armen Zenjiryan

Attorneys for Plaintiff SILVIA VALDIVIA DE CABRERA, on behalf of herself and all others similarly situated


### DEMAND FOR JURY TRIAL

PLAINTIFF, on behalf of herself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: November 2, 2018         REMEDY LAW GROUP LLP


By: *Andy Tsarukyan*
Andranik Tsarukyan
Armen Zenjiryan

Attorneys for Plaintiff SILVIA VALDIVIA DE CABRERA, on behalf of herself and all others similarly situated

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Andranik Tsarukyan (SBN 258241)<br>Remedy Law Group LLP<br>610 E. Providencia Ave., Unit B<br>Burbank, CA 91501<br>TELEPHONE NO.: (818) 422-5941  FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff Silvia Valdivia De Cabrera | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME:

**CASE NAME:** Silvia Valdivia De Cabrera, et al. v. Swift Beef Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RIC 1 8 2 3 0 0 2 |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: **BY FAX** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [✓] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify)*: 7; wage and hour claims.
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: November 2, 2018
Andranik Tsarukyan
*(TYPE OR PRINT NAME)*                    /s/ Andy Tsarukyan
                                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

22

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

DE CABRERA VS SWIFT BEEF

CASE NO. RIC1823002

This case is assigned to the Honorable Judge Craig G. Riemer in Department 05 for all purposes.

The Case Management Conference is scheduled for 01/02/19 at 8:30 in Department 05.

Department 5 are located at 4050 Main St, Riverside, CA 92501.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

by: _____
JOANNA MARCIAL, Deputy Clerk

Date: 11/02/18

ccadcc
12/11/14

23