UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court GRANTS the motion for final approval and GRANTS the motion for attorneys' fees and costs.

Before the Court is Plaintiff Silvia Valdivia de Cabrera's ("Plaintiff") motion for final approval of the class action settlement, as well as an award of attorneys' fees and costs and a class representative incentive award. *See Motion for Final Approval of Class Settlement*, Dkt. # 51 ("*Mot.*"); *Motion for Attorneys' Fees*, Dkt. # 49 ("*Fees Mot.*"). Defendant Swift Beef Company ("Swift Beef") does not oppose. *See* Dkt. # 54. The Court conducted a fairness hearing on November 23, 2020. Having considered the submissions, the Court **GRANTS** Plaintiff's motion for final approval and **GRANTS** Plaintiff's motion for attorneys' fees and costs, settlement administrator expenses, and incentive awards.

I.  Background

On November 2, 2018, Silvia Valdivia De Cabrera ("Plaintiff") filed this class action in the Riverside County Superior Court against Swift Beef, JBS USA, LLC, JBS USA Holdings, Inc., JBS USA, JBS USA Inc., Swift & Company Inc., Pilgrim's Pride Corporation, JBS USA Food Company, and JBS USA Food Company Holdings (collectively, "Defendants"). *See generally Complaint*, Dkt. # 1-1. The proposed class included all of Defendants' non-exempt, hourly paid employees in California. *See id.* ¶ 4. On December 5, Defendants removed the class action to this Court. *See generally Notice of Removal*, Dkt. # 1.

On January 11, 2019, the Court approved the parties' joint stipulation to dismiss without prejudice all Defendants except Swift Beef. *See* Dkt. # 23. Plaintiff subsequently filed a First Amended Complaint ("FAC"), alleging the following causes of action: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to maintain required records; (6) failure to provide accurate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

wage statements; (7) unfair competition; and (8) enforcement of the Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code §§ 2698 *et seq. See generally First Amended Complaint*, Dkt. # 26 ("*FAC*").

On March 13, 2019, Plaintiff Eddie Duron ("Duron") also filed a class action against JBS USA Food Company Holdings in the Riverside County Superior Court alleging similar causes of action ("Duron Action"). *See Eddie Duron v. JBS USA Food Company Holdings, et al.*, 5:19-cv-00702 PSG (Ex) ("*Duron Action*"), Dkt. # 1-1. On April 17, Defendant removed the Duron Action to the Central District, *see id.*, Dkt. # 1, and it was subsequently transferred to this Court, *see id.*, Dkt. # 10. On November 4, the parties submitted a joint stipulation to sever the credit reporting claims for remand, and to stay the remaining claims pending settlement. *See id.*, Dkt. # 44. The Court approved the joint stipulation on November 7, administratively closed the case, and stated that the case may be reopened by application of any party. *See id.*, Dkt. # 45.

Plaintiff and Swift Beef and Defendant JBS USA Food Company Holdings (referred to collectively as "Defendant") engaged in arms' length negotiations and subsequently signed a long form Settlement Agreement. *See Declaration of Andranik Tsarukyan*, Dkt. # 51-1 ("*Tsarukyan Decl.*"), ¶ 8. The settlement class (the "Class") is defined as:

> [a]ll current and former non-exempt employees employed by Swift Beef Company and JBS USA Food Company Holdings in the State of California at any time from November 2, 2014 to the date the Court grants Preliminary Approval of the Settlement Agreement.

*Id.*, Ex. 1 ("*Settlement*"), ¶ I.4.

In her preliminary motion, Plaintiff asked the Court to (1) grant preliminary approval of the Settlement Agreement; (2) conditionally certify the proposed Class; (3) appoint Plaintiff Silvia Valdivia De Cabrera and Eddie Duron as Class Representatives; (4) appoint Remedy Law Group LLP and Setareh Law Group as Class Counsel; (5) appoint Phoenix Settlement Administrators as the Settlement Administrator; (6) approve the proposed notice; and (7) schedule a final approval and fairness hearing for final approval of the settlement and entry of judgment. *See generally Preliminary Approval Motion*, Dkt. # 41.

On June 25, the Court granted preliminary approval of the Settlement Agreement. *See Order Granting Preliminary Approval of Class Settlement,* Dkt. # 43 ("*Prelim. Order*"). The Court (1) preliminarily approved the Settlement, (2) certified the class for settlement purposes only, (3) appointed Plaintiff and Duron as Class Representatives, (4) appointed Remedy Law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

Group LLP and Search Law Group as Class Counsel, (5) scheduled a hearing date for final approval of the settlement on November 16, 2020,[1] (6) appointed Phoenix Class Action Administration Solutions as the Settlement Administrator, and (7) approved the proposed Class Notice. *See id*. at 7, 17.

The Court also ordered Plaintiff to file, in addition to the motion for final approval of class action settlement, memoranda with the following information: (1) justification for Class Counsel's award of attorneys' fees and costs, and (2) justification for the significant disparity between Class Representatives' service awards and the average settlement amount for each class member, in proportion to the Gross Settlement Amount. *See id*. at 17–18.

Plaintiff now moves—unopposed— for final approval of the Settlement Agreement and an order awarding attorneys' fees and costs and an incentive award. *See generally Mot*.; *Fees Mot*. Dkt. # 54. Specifically, Plaintiff moves for the Court to approve the $750,000 Gross Settlement Amount, which includes (1) the net settlement amount to be distributed to Class Members, (2) the attorneys' fee and cost awards to Class Counsel, (3) the Class Representative enhancement payment, (4) administration costs, (5) required tax withholding, and (6) the PAGA payment. *See Settlement* ¶ I.18. The Gross Settlement Amount does not include Employer's Payroll Taxes, which will be paid separately and in addition to the Gross Settlement Amount by Defendant. *Id*.

First, the Court determines whether to grant final approval of the Settlement Agreement. Then, the Court addresses whether to grant Plaintiff's motion for attorneys' fees, costs, and incentive enhancement awards.

II.     Final Approval of the Class Settlement

   A.     Legal Standard

A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval or rejection of a settlement agreement is committed to the district court's sound discretion. *See Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). In determining whether a settlement is fair, reasonable and adequate, the court must "balance a number of factors: the strength of the

---

[1] The Court continued the hearing to November 23, 2020. *See* Dkt. # 52.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement." *Id.*; *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").[2]

The district court must approve or reject the settlement, as a whole, after comprehensively exploring all factors. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify or rewrite particular provisions of the settlement. *See id.* The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

B. Discussion

  i. *Strength of Plaintiff's Case*

"An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Vasquez*

---

[2] The recent amendments to Rule 23(e)(2) instruct district courts to consider whether: (1) the class representatives and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the class is adequate; and (4) the proposal treats Class Members equitably relative to each other. However, recognizing that each circuit has developed its own vocabulary to express these concerns, the Advisory Committee explained that it did not intend to "displace any factor [used by different circuits], but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 amendment. Accordingly, the Court applies the Rule 23(e)(2) factors through the lens of the Ninth Circuit's *Hanlon*/*Staton* factors and existing relevant precedent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

*v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation marks omitted). This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010).

Here, Plaintiff acknowledged a number of risks to her case, including (1) the risk that Plaintiff would be unable to establish liability for unpaid time or overtime wages; (2) the risk that the class will not be certified; (3) the risk that uncertainty regarding the legality of Defendants' policies and uncertainty of showing that Defendants' conduct was a willful violation of the labor code could preclude damages under Labor Code §§ 203 and 226(e); (4) the risk that differences between Class Members might pertain to liability; and (5) the risk of appellate litigation. *See Mot*. 14:22–15:10.

> Further, other courts have acknowledged the inherent challenges in wage-and-hour cases: Although Plaintiffs maintain their strong belief in the underlying merits of their case, Plaintiffs' counsel acknowledges that wage and hour cases on behalf of low wage workers can [be] difficult to prove on a class basis and considered the uncertainties surrounding proving their claims in a lengthy and complex jury trial. This factor weighs in favor of approval.

*Vasquez*, 266 F.R.D. at 489.

Additionally, the parties have estimated that Plaintiffs' probability of success on the merits is 40 percent, which reflects that settlement may be a wise choice. *See Mot*. 17:1–3; *see also Franco v. Ruiz Food Prod., Inc.*, No. 1:10-CV-02354-SKO, 2012 WL 5941801, at *11 (E.D. Cal. Nov. 27, 2012) (finding this factor weighed in favor of approval where "Class Counsel has acknowledged the weaknesses in the meal and rest break claims and has considered the uncertainties surrounding proving the claims in a lengthy and complex jury trial in negotiating the settlement amount.").

Accordingly, this factor weighs in favor of approving the settlement.

        ii.    *Risk, Expense, Complexity, and Duration of Further Litigation*

The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *See Officers for Justice*, 688 F.2d at 625.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

Here, the parties have litigated this case for almost two years. During this time, the parties have engaged in substantial informal discovery and expert analysis of class-wide data. *See Tsarukyan Decl.* ¶ 7; *Mot.* 15:12–13. Defendants continue to strongly deny liability and the propriety of class certification. *See Mot.* 15:24–25. If the case were to proceed further, substantial fees and costs would be incurred by both parties because Class Counsel would have to (1) complete the discovery process, (2) obtain class certification, and (3) overcome Defendant's defenses, likely at summary judgment.

Furthermore, this settlement will resolve the Duron Action in addition to the instant action, reducing the expense of litigating both cases. Because the Settlement Agreement eliminates the delay, costs, and uncertainty that further litigation would create, this factor supports approval. *See Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 331 (N.D. Cal. 2014) ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

        *iii.*    *Risk of Maintaining Class Action Status Through Trial*

Although the Court has preliminarily certified the class, the certification was for settlement purposes only. *See generally Prelim. Order*. Under Federal Rule of Civil Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before the final judgment." Because Defendants would have "strongly den[ied] . . . the propriety of" class certification through trial, *see Mot.* 15:24–25, this factor favors final approval of the Settlement Agreement.

        *iv.*    *Amount Offered in Settlement*

The fourth factor in assessing the fairness of the proposed settlement is the amount of the settlement. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (internal quotation marks omitted). The Ninth Circuit has explained that "the proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. Rather, any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation. *Id.*

Here, the parties agreed to settle all claims for a total sum of $750,000. *Settlement* ¶ I.18; *Mot.* 9:25–28. The parties reached this settlement after they engaged in substantial informal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

discovery and evaluated the merits of their respective claims and defenses and considered appropriate discounts to Defendants' potential liability based on the case's strengths and weaknesses. *See Tsarukyan Decl*. ¶¶ 7–8. The Court considered the parties' respective opinions regarding the value and merits of this case during the preliminary approval stage and found that, while low, this amount was appropriate in light of the challengers described above. *See Prelim. Order.* at 11–12; *Aarons v. BMW of N. Amer., LLC*, No. CV 11–7667 PSG (CWx), 2014 WL 4090564, at *11 (C.D. Cal. Apr. 29, 2014) (noting that while settlements will not make most class members completely whole, class members will "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation"). The Court was satisfied that the total Class Settlement award was reasonable. *See Prelim. Order.* at 11–12. Considering the significant risks, the Court still finds that, while low, the settlement amount is reasonable.

> v. *Extent of Discovery Completed and Stage of the Proceedings*

This next factor requires the Court to gauge whether Plaintiff had sufficient information to make an informed decision about the merits of his case. *See In re Mego,* 213 F.3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases." *Young v. Polo Retail, LLC*, No. C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks omitted).

Here, while the parties did not engage in formal discovery, they engaged in substantial informal discovery and exchanged time and wage data, wage and hour policy documents, and class composition data. *Tsarukyan Decl*. ¶ 15. Furthermore, Plaintiff hired an expert to analyze the data and conducted witness interviews. *Id*. ¶¶ 7, 18; *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 459 (finding that informal discovery was sufficient for this factor to weigh in favor of settlement when parties had "conducted significant investigation, discovery and research…[and] had worked with damages and accounting experts").

The Court is confident that Plaintiff had enough information to make an informed decision about the settlement, after arm's length negotiation and informal information exchange, based on the strengths and weaknesses of the case. This factor weighs in favor of granting approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

      *vi.*     *Experience and Views of Counsel*

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). While counsel's views are instructive, they do not entitle the plaintiff to a presumption of fairness. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019).

Here, Class Counsel has extensive experience handling class action, wage and hour, and PAGA litigation. *See Tsarukyan Decl.* ¶ 21. The Court is satisfied that this experience has allowed Class Counsel to evaluate the merits of the claims and risks associated with prosecuting them through trial and appeal. The Court accordingly credits Counsel's determination that the settlement is fair and reasonable and finds that this factor weighs slightly in favor of final approval.

      *vii.*    *Presence of a Government Participant*

Because there is no government entity directly participating in the case, this factor is not relevant to the analysis.

      *viii.*   *Class Members' Reaction to the Proposed Settlement*

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *see also Arnold v. Fitflop USA, LLC*, No. CV 11-0973 W (KSCx), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

Here, none of the Class Members who received the Class Notice objected to the settlement or opted out. *Mot.* 28:10. Accordingly, this factor weighs in favor of final approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

C. Conclusion

Having reviewed the relevant factors and finding that they all favor approval, the Court **GRANTS** Plaintiff's motion for final approval of the class action settlement.

III. Attorneys' Fees, Costs, and Incentive Award

Plaintiff moves for (1) an award of $187,500 in attorneys' fees, (2) reimbursement of $3,652.10 in litigation costs, and (3) enhancement awards of $5,000 each to Plaintiff and Duron for their services as Class Representatives. *See Fees Mot*. 4:18–20. The Court analyzes each request in turn.

A. Attorneys' Fees

i. *Legal Standard*

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs. The Court "must carefully assess" the reasonableness of the fee award. *See Staton*, 327 F.3d at 963; *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-6750 MMM (DTB), 2010 WL 9499073, at *3–*5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the percentage-of-recovery method or the lodestar method. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request).

ii. *Discussion*

Under the percentage-of-recovery method, courts typically use 25 percent of the fund as a benchmark for a reasonable fee award. *See id.* at 942. The percentage can vary, however, and courts have awarded more or less than 25 percent of the fund in attorneys' fees as they deemed appropriate. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that courts generally award between 20 and 30 percent of the common fund in attorneys' fees).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

When assessing fee awards' reasonableness under the common fund theory, courts consider "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (citing *Vizcaino*, 290 F.3d at 1048–50).

The settlement permitted an award of attorneys' fees not to exceed $249,999.99, or 33.3 percent of the gross settlement amount. *Settlement* ¶ I.3. Perhaps recognizing that a request for 33.3 percent of the common fund would be excessive in this case, Class Counsel have requested an award of only 25 percent of settlement amount, totaling $187,500. *Tsarukyan Decl.* ¶ 10; *Fees Mot.* 5:17–18. The Court will analyze the reasonableness of this request under the *Vizcaino* factors. *See Zubia v. Shamrock Foods Co.*, No. CV16-3128ABAGRX, 2017 WL 10541431, at *5 (C.D. Cal. Dec. 21, 2017) ("The mere fact that the defendant agrees to pay the fees 'does not detract from the need to carefully scrutinize the fee award.'").

        *a.*     *Results Achieved*

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046. In this case, the Class recovered 9.2 percent of the total estimated potential recovery, and no class member objected to the settlement terms. *See Tsarukyan Decl.* ¶¶ 17, 18(f). The average individual settlement share is approximately $415.61, which provides immediate monetary relief to the Class Members. *See id.* ¶ 17. While the Court has found the 9.2 percent of liability settlement amount reasonable, it is at the lower end of settlement agreements that courts approve in similar cases. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 256–57 (N.D. Cal. 2015) (fund between 11 percent and 27 percent of maximum liability); *see also Bravo v. Gale Triangle, Inc.*, No. CV1603347BROGJSX, 2017 WL 708766, at *10 (C.D. Cal. Feb. 16, 2017) (fund about 14 percent of maximum liability); *Retta v. Millennium Prod., Inc.*, No. CV15-1801PSGAJWX, 2017 WL 5479637, at *5 (C.D. Cal. Aug. 22, 2017) (fund around 43 percent of maximum liability); *Luna v. Universal City Studios, LLC*, No. CV 12-9286 PSG (SSX), 2016 WL 10646310, at *4 (C.D. Cal. Sept. 13, 2016) (fund around 21 percent of maximum liability).

Accordingly, this factor weighs in favor of awarding fees at, not higher than, the 25 percent benchmark.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

### b. Risk of Litigation

The risk that further litigation might result in no recovery is a "significant factor" in assessing the fairness and reasonableness of an award of attorneys' fees. *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046–47; *see also Vizcaino*, 290 F.3d at 1048 (discussing that "[r]isk is a relevant circumstance" in determining an attorney fee award in a common fund case).

Here, the Court agrees that Class Counsel would have faced substantial obstacles because Defendant disputed the merits of Plaintiff's claims and intended to aggressively challenge the case at the certification stage. *See Fees Mot.* 8:24–28. Plaintiff faced many risks associated with this matter, including, for example, (1) the risk that Plaintiff would be unable to establish liability for allegedly unpaid straight time or overtime wages, (2) the risk that Defendant's challenged employment policies might not ultimately support class certification, and (3) the risk that uncertainties pertaining to the ultimate legality of Defendant's policies and practices could preclude class wide awards of statutory penalties. *See Fees Mot.* 9:3–20. Finally, failing to settle carried the risk that the class would not have been able to obtain and maintain certification through trial. *See id.* 5:1–3. The Court finds that these risks support an award of the 25 percent benchmark.

### c. Skills Required and Quality of Work

The Court also considers the skills required to prosecute and manage this litigation, as well as Class Counsel's overall performance. *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1047. As discussed elsewhere, Class Counsel engaged in motion practice, informal discovery, and settlement negotiations. However, Class Counsel submitted essentially the same documents for its preliminary and final approval motions, which demonstrates a lack of effort. Accordingly, this factor weighs slightly in favor of reducing the fee award below the benchmark.

### d. Contingent Nature of Plaintiff's Financial Burden

Class Counsel have spent almost two years on this litigation, which they took on a contingent basis. *See Fees Mot.* 7:21–22; 9:24–10:28. Along with advancing attorney time, Class Counsel have also advanced $3,652.10 in litigation costs. *See id.* 13:19–24. Since they have faced the risk of walking away with nothing, the Court finds that this factor favors the 25% benchmark.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

        *e.*       *Awards Made in Similar Cases*

      Counsel does not include this factor in its reasonableness analysis. Nevertheless, the Court finds that the award in this settlement is below the awards in similar cases. *See, e.g.*, *Brown v. CVS Pharmacy, Inc.*, No. CV 15-7631 PSG (PJWx), 2017 WL 3494297, at *6–*7 (C.D. Cal. Apr. 24, 2017) (awarding 30 percent of the common fund in attorneys' fees in a wage and hour class action settlement); *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-4149 MMM (SH), 2008 WL 8150856, at *16 (C.D. Cal. July 21, 2008) (awarding 34 percent of the common fund in attorneys' fees in a wage and hour class action settlement); *Hightower v. JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx), 2015 WL 9664959, at *12 (C.D. Cal. Aug. 4, 2015) (approving attorneys' fees of 30 percent of the settlement fund); *Garcia v. Gordon Trucking, Inc.*, No. CV 10-0324 AWI (SKO), 2012 WL 5364575, at *10 (E.D. Cal. Oct. 31, 2012) (approving fees in the amount of 33 percent of the common fund); *Knight v. Red Door Salons, Inc.*, No. 08-1520 SC, 2009 WL 248367, at *17 (N.D. Cal. Feb. 2, 2009) ("[N]early all common fund awards range around 30%"); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491–92 (E.D. Cal. 2010) (citing to wage and hour cases where courts approved awards ranging from 30 to 33 percent); *Singer v. Beckton Dickinson and Co.*, No. 08-CV-821 IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (approving an attorneys' fee award of 33.33 percent). These higher fee awards in other wage and hour class action cases also weigh in favor of the 25 percent benchmark.

        *f.*       *Conclusion*

      The Court finds that, in light of all the factors, Class Counsels' request for attorneys' fees is reasonable. Accordingly, the Court **GRANTS** the request to award Class Counsel 25 percent of the Global Settlement Amount, or $187,500.

        B.      <u>Litigation Costs</u>

      "Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1048. Here, Class Counsel request reimbursement of expenses incurred in the amount of $3,652.10. *See Tsarukyan Decl.* ¶ 10, Ex. 2. The Court has reviewed the accounting records and is satisfied that the costs amount to a reasonable expenditure for the almost two years that this litigation has been pending. *See id.* The Court also notes that no Class Member has objected to the requested litigation costs. Accordingly, the Court **GRANTS** the request to award $3,652.10 in litigation costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

C. <u>Incentive Award</u>

"Incentive awards are fairly typical in class action cases." *Rodriguez*, 563 F.3d at 958. When considering requests for incentive awards, courts consider five principal factors:

(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Further, courts typically examine the propriety of an incentive award by comparing it to the total amount other class members will receive. *See Staton*, 327 F.3d at 975.

In its motion for preliminary approval, Class Representatives sought incentive awards of $7,500. *See Prelim. Order* at 15. The Court asked Class Counsel to submit a memorandum justifying the significant disparity between the service award and the average settlement amount for each Class Member, and in proportion to the Gross Settlement Amount. *See id*. at 18.

Now, Class Representatives seek $5,000 service awards, which is still fifteen times the average settlement amount for each Class Member. *See Fees Mot*. 14:4. Plaintiff states that the service awards are justified because she and Duron undertook reputational risks in filing a lawsuit against their employer and expended time and efforts on behalf of the class. *See Fees Mot*. 14:18–21. According to Class Counsel, Class Representatives were active in the litigation—they participated in numerous meetings with Class Counsel, searched for and gathered relevant documents, and regularly corresponded with their counsel. *See id*. 14:22–15:1.

Furthermore, Plaintiff's requested awards are 1.3 percent of the total settlement amount. This is on the higher end of enhancement awards. *See, e.g.*, *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (GJSx), 2017 WL 4685536, at *11 (C.D. Cal. May 8, 2017) (approving $25,000 incentive award, in part, because the award reflected 0.2 percent of the total settlement). However, because of the risks taken by Class Representatives in their future employment, the Court finds the enhancement request justified. *See Contreras v. Worldwide Flight Servs., Inc.*, No. CV 18-6036 PSG (SSX), 2020 WL 2083017, at *9 (C.D. Cal. Apr. 1, 2020) (approving a $5,000 enhancement award in a wage and hour class settlement that was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

more than twenty-three times the average recovery and less than 1 percent of the total settlement).

Accordingly, the Court **GRANTS** Plaintiff's request for $5,000 incentive awards for Class Representatives.

D.     Settlement Administration Amount

Plaintiff proposes to pay Phoenix Settlement Administrators $10,000 for administering the settlement. *See Declaration of Elizabeth Kruckenbrg*, Dkt. # 51-2 ("*Kruckenberg Decl.*"), ¶12. This request is reasonable considering the estimated class size of approximately 1,283 Class Members. *See Tsarukyan Decl.* ¶ 9; *see also Ching v. Siemens Indus.*, No. 11–cv–04838–MEJ, 2014 WL 2926210, at *2 (N.D. Cal. June 27, 2014) (approving an estimated $15,000 claims administrator fee for sixty-eight claims); *Ozga v. U.S. Remodelers, Inc.*, No. C 09–05112 JSW, 2010 WL 3186971, at *2 (N.D. Cal. Aug. 9, 2010) (granting $10,000 to the claims administrator for 156 claims).

Accordingly, the Court **GRANTS** the request to pay Phoenix Settlement Administrators $10,000 for administering the settlement.

E.     PAGA Penalties

The parties have agreed to a PAGA penalty of $7,500. *See Settlement* ¶ III.7(f). Seventy-five percent ($5,625) will go to the LWDA and 25 percent ($1,875) will be distributed to participating Class Members. *See id.*; *see also* Cal. Lab. Code § 2699(i) (providing that 75 percent of civil penalties recovered by aggrieved employees should be distributed to the LWDA). This allocation represents approximately 1 percent of the Gross Settlement Amount, which falls within the 0 to 2 percent range for PAGA claims approved by courts. *See, e.g.*, *In re M.L. Stern Overtime Litig.*, No. CV 07-0118 BTM (JMAx), 2009 WL 995864, at *1 (S.D. Cal. Apr. 13, 2009) (approving PAGA settlement of 2 percent, or $20,000); *Hopson v. Hanesbrands, Inc.*, No. CV 08-0844 EDL, 2008 WL 3385452, at *1 (S.D. Cal. Apr. 13, 2009) (approving a PAGA settlement of 0.3 percent, or $1,500); *Nordstrom Comm'n Cases*, 186 Cal. App. 4th 576, 589 (2010) (approving settlement of wage and hour class action claims and PAGA claims under which no money was allocated to the PAGA claims). Therefore, the Court finds that PAGA payment to LWDA is reasonable and **GRANTS** Plaintiff's request to approve the payment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-2551 PSG (Ex) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Silvia Valdivia de Cabrera v. Swift Beef Company | | |

IV. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for final approval of class action settlement, and **GRANTS** Plaintiff's request for an award of attorneys' fees and costs, settlement administrator expenses, and incentive awards. Accordingly, it is **HEREBY ORDERED AS FOLLOWS:**

- The Court approves settlement of the action between Plaintiff and Defendant, as set forth in the Settlement Agreement, as fair, just, reasonable, and adequate. The parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement.

- Class Counsel is awarded $187,500 in attorneys' fees and $3,652.10 in costs. Additionally, Plaintiff and Duron are awarded $5,000 incentive awards. Finally, the Claims Administrator is awarded $10,000 in costs. The Court finds that these amounts are warranted and reasonable for the reasons stated in this Order.

- Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendants and the Settlement Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order.

This Order closes the case.

**IT IS SO ORDERED.**